UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2005 JUL 11  P 12: 06

Karl Earl Beamon, #50189-083,  ) C/A No. 9:05-1326-DCN-GCK
)
Petitioner,  )
)
vs.  ) Report and Recommendation
)
John LaManna,  )
)
Respondent.  )
)



The petitioner, Karl Earl Beamon (Petitioner), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at Federal Correctional Institution-Edgefield, a facility of the Bureau of Prisons (BOP) in South Carolina. Petitioner seeks to have his criminal sentence imposed by the United States District Court for the Eastern District of Virginia "remanded" for resentencing based on the recent decision of the United States Supreme Court in United States v. Booker, _ U.S. _, 125 S.Ct. 738 (2005). See Attachment to Petition at numbered p. 12.

## Background

Petitioner was convicted by a jury and sentenced in the United States District Court for the Eastern District of Virginia (Virginia District Court) in Criminal Action No. 4:99-04-JBF. On April 22, 1999, a jury convicted Petitioner on three charges: felon in possession of a firearm under 28 U.S.C. § 922(g)(1); possession of 5 grams or more of crack cocaine with the intent to distribute under 21 U.S.C. § 841(a)(1); and carrying or using a firearm

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c)(1). On August 2, 1999, Petitioner was sentenced to one hundred and fifteen (115) months imprisonment for possession of a firearm, to run concurrently with one hundred and thirty-five (135) months for possession of crack cocaine with intent to distribute. Petitioner received a sixty (60) month sentence for carrying or using a firearm in relation to a drug trafficking crime, which runs consecutive to the one hundred and thirty-five (135) month sentence. Petitioner's total sentence is for one hundred and ninety-five (195) months imprisonment. The petition states Petitioner's sentence was enhanced "pursuant to the United States Sentencing Guidelines, § 1B1.3(1)(B) Relevant Conduct, and § 3B1.4 Using a minor to commit a crime." Petition at 3. Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit (Fourth Circuit), which affirmed the Virginia District Court on March 6, 2000. Petitioner filed a petition for writ of certiorari with the United States Supreme Court, which was denied on October 2, 2000.

On June 28, 2001, in Civil Action No. 4:01-67-JBF, Petitioner filed a motion in Virginia District Court to correct or vacate his sentence pursuant to 28 U.S.C. § 2255. Petitioner's § 2255 action was dismissed on February 8, 2002. The Fourth Circuit, on June 6, 2002, denied Petitioner a certificate of appealability and dismissed his appeal of the § 2255 action. Petitioner now files this § 2241 habeas action based on the Supreme Court's decision in United States v. Booker, *supra*, which held that the Sixth Amendment is violated by the mandatory application of the federal sentencing guidelines in imposing sentences enhanced based on facts found by the court on a preponderance of the evidence. Id. at 746, 750.

2

## Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).



This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, see Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. See Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in federal district court. See Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## Discussion

Petitioner's habeas action, brought under 28 U.S.C. § 2241, and based on the holding of Booker, supra, challenges the application of enhancements under the U.S. Sentencing Guidelines used to lengthen his sentence. The Supreme Court in Booker reaffirmed an earlier ruling in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Petitioner claims that his Fifth and Sixth Amendment rights were violated where a six point enhancement was applied to his sentence using a "civil standard of proof 'preponderance of the evidence' to find the petitioner liable for facts that wasn't submitted to jury for it's verdict, or admitted to by the petitioner." Petition at 3. Petitioner requests that this Court "hold an Evidentiary Hearing, to decide the claims on the merits, and conduct a comprehensive examination of the characteristics of the particular offenses," as well as "remand" the case for resentencing. See Attachment to Petition at numbered p. 12.

The threshold question in this case is whether Petitioner's claim is properly raised in this Court through a § 2241 habeas petition. A statutory framework for federal postconviction relief from judgments of conviction is provided in Title 28, Chapter 153 of the United States Code. Under this framework, those convicted in federal court are required to bring collateral attacks challenging the validity of their conviction and sentence by proceeding under 28 U.S.C. § 2255. The ability of a court to consider a petition for writ of habeas corpus is limited by § 2255. Petitioner's claim, although filed pursuant to § 2241, presents a collateral attack upon his conviction and sentence imposed by the Virginia

4

District Court. This kind of attack is more properly reserved for a petition filed pursuant to § 2255 in the sentencing court, instead of a petition filed pursuant to § 2241 in the circuit of incarceration.[2] Petitioner was sentenced in the Virginia District Court, so the issue of sentence enhancement raised herein would not usually, under § 2241 jurisprudence, be within the jurisdiction of a court other than the sentencing court. See Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977), cert. denied, 435 U.S. 931 (1978); Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974)(Statute providing for vacation or correction of sentence by motion in court wherein sentence was imposed was enacted to create a jurisdictional basis in sentencing court for certain types of postconviction claims, in general, those dealing with imposition of sentence in which sentencing court would have the previous knowledge and the immediate access to the necessary files.)

A petition under § 2241 is available for a federal prisoner to collaterally attack his conviction and sentence only when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The burden of demonstrating a remedy is "inadequate or ineffective" under the savings clause of § 2255 lies with Petitioner. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001). Petitioner makes no argument that the § 2255 remedy is "inadequate or ineffective," thus has not met his burden.

The fact that a prior § 2255 motion was unsuccessful does not render the § 2255 remedy inadequate or ineffective. Neither does the fact Petitioner might be precluded from

---

[2] A writ under § 2241 by a federal prisoner must be brought only in a district court with jurisdiction over the prisoner or his custodian. Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973); see also § 2241(a). Generally, "only matters concerning the conditions of confinement or the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated." DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986).

5

raising his claim in a second or successive § 2255 motion, open the door for a § 2241 habeas action under the § 2255 savings clause. See In Re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)(en banc); see also In re Jones, 226 F. 3d 328, 333 (4th Cir. 2000). In Vial, the Fourth Circuit ruled that a federal prisoner hoping to benefit from a recent United States Supreme Court decision which allegedly resulted in a change of law affecting his conviction or sentence must seek relief from the applicable Court of Appeals to file a successive petition under 28 U.S.C. § 2255. Petitioner is precluded from using Booker as a basis to challenge the constitutionality of his sentence under § 2241 in this Court.

Petitioner previously filed a § 2255 motion with the sentencing court. Because of the "gatekeeping" amendments effected by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), in order to bring a "second or successive" motion under § 2255, Petitioner must receive permission to do so from the court of appeals in which circuit the sentencing district court sits, which in this case is the United States Court of Appeals for the Fourth Circuit.[3] See 28 U.S.C. § 2255; 28 U.S.C. § 2244(a).

## Recommendation

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice* and without requiring the respondents to file a return. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions

---

[3] Several federal courts have ruled that Booker is not retroactive to cases on collateral review. See In re Anderson, 396 F.3d 1336, 1338-40 (11th Cir. 2005)(not retroactive for purposes of a successive § 2255 motion); Green v. United States, 397 F.3d 101, 102-13 (2nd Cir. 2005); In re Olopade, 403 F.3d 159, 160 (3rd Cir. 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir.2005); McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005).

and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); Baker v. Marshall, 1995 WL 150451 (N.D. Cal. March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

Respectfully Submitted,

George C. Kosko
United States Magistrate Judge

July 11, 2005
Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P. O. Box 835**
**Charleston, South Carolina 29402**